UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

VFT, LLC,
a Florida limited liability company,

    Plaintiff,

v.

Case No:

NUTRIEN AG SOLUTIONS, INC., a
Colorado corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, VFT, LLC ("VFT"), by and through undersigned counsel, hereby sues the Defendant, Nutrien AG Solutions, Inc. ("Nutrien"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for breach of contract, open account, account stated, unjust enrichment, and quantum meruit.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00) and is between citizens of different states.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district and the parties agreed via contract to bring any claims thereunder where the primary amount of work was performed.

4. At all material times hereto, VFT is and was a Florida limited liability company with its principal place of business in Florida.

5. At all material times hereto, Nutrien is and was a Colorado corporation with its principal place of business located at 3005 Rocky Mountain Avenue, Loveland, Colorado.

1

6. Nutrien is and has been registered to do business in Georgia since 2004.

## GENERAL ALLEGATIONS

7. Nutrien contracts with specific landowners to have certain lands located in the United States treated with agricultural products for the purpose of controlling growth of certain undesirable species of plants.

8. VFT is engaged in the business of aerial chemical application and operates as a subcontractor for Nutrien to perform chemical application operations for Nutrien's clients.

9. Nutrien and VFT have entered into yearly service agreements regarding VFT's aerial application services to Nutrien's clients.

10. Under each agreement, VTF provides aerial application services and sends Nutrien its invoices for said services.

11. Under each agreement, Nutrien is required to pay VFT's invoices.

12. On or about July 12, 2021, Nutrien and VFT entered into a service agreement for aerial application (the "Agreement") where VFT agreed to perform aerial application services for Nutrien's clients until July 2022. A true and correct copy of the Agreement is attached hereto as Exhibit "1".

13. Under the Agreement, Nutrien agreed to compensate VFT for its services.

14. From August 2021 to October 2021, VFT performed aerial application services under the Agreement for Nutrien's clients in Indiana, Virginia, and Georgia.

15. VFT conducted the primary aerial application in Toombs County, Georgia.

16. VFT provided Nutrien with its invoices for these services under the Agreement that required that Nutrien remit payment for VFT's services within 30 days after receipt of each invoice (the "Invoices"). A true and correct copy of the Invoices are attached hereto as Composite Exhibit "2".

17. The amount of the Invoices totals $715,934.60. *See* Exhibit "2".

18. Nutrien never objected to the Invoices or the total amount of $715,934.60.

19. Nonetheless, Nutrien failed to pay the Invoices despite not having any good-faith basis under the Agreement to do so.

20. On November 19, 2021, VFT served Nutrien with a demand letter requesting that Nutrien pay the outstanding amount of $715,934.60 under the Invoices within ten days. A true and correct copy of the November 19, 2021 demand letter is attached hereto as Exhibit "3".

21. However, Nutrien failed to respond to VFT's demand and refused to pay the Invoices.

22. Nutrien is thus in default under the Agreement.

## COUNT I
## BREACH OF CONTRACT

23. VFT incorporates and re-alleges paragraphs 1-22 as if fully set forth herein.

24. VFT and Nutrien entered into a valid contract where VFT agreed to perform aerial application services for Nutrien's clients and Nutrien agreed to compensate VFT for these services.

25. Nutrien breached its obligations under the Agreement by, among other things, failing to pay the Invoices.

26. VFT performed all of its obligations under the Agreement, yet Nutrien has failed and refused to comply with its payment obligations under the Agreement.

27. As a proximate result of Nutrien's breaches, VFT has incurred compensable damages of approximately $715,934.60, which continues to accrue interest.

28. Pursuant to Georgia Code § 13-6-11, VFT seeks to recover all reasonable and necessary expenses of litigation incurred in bringing this claim due to Nutrien's bad faith.

WHEREFORE, VFT respectfully requests that this Court enter a judgment in its favor against Nutrien for approximately $715,934.60, plus interest, costs, attorneys' fees, and such other relief as this Court deems just equitable, and proper.

## COUNT II
## OPEN ACCOUNT

29. VFT incorporates and re-alleges paragraphs 1-11 and 14-19 as if fully set forth herein.

30. VFT and Nutrien were engaged in a series of transactions.

31. VFT provides services to Nutrien, who had an obligation to pay VFT for those services.

32. The nature of the services and dealings between the parties was such that VFT furnished services on an ingoing basis, after which VFT issued invoices to Nutrien for payment.

33. There is an unsettled debt owed to VFT as a result of Nutrien's failure to pay the accruing balance for services furnished.

34. Nutrien has refused to pay the amount owed.

35. Nutrien's unsettled debt to VFT remains unresolved.

36. Pursuant to Georgia Code § 13-6-11, VFT seeks to recover all reasonable and necessary expenses of litigation incurred in bringing this claim due to Nutrien's bad faith.

WHEREFORE, VFT respectfully requests that this Court enter a judgment in its favor against Nutrien for an amount to be determined at trial but no less than the amount of the Invoices, plus interest, costs, attorneys' fees, and such other relief as this Court deems just equitable, and proper.

## COUNT III
## ACCOUNT STATED

37. VFT incorporates and re-alleges paragraphs 1-11 and 14-19 as if fully set forth herein.

38. From August 2021 to October 2021, VFT rendered several invoices to Nutrien for performance of aerial application services. *See* Exhibit "2".

39. The Invoices evince the transaction between VFT and Nutrien.

40. Nutrien did not object to the Invoices.

41. Instead, Nutrien acknowledged receipt of the Invoices and implicitly admitted to the debt reflected therein.

42. In doing so, Nutrien agreed with VFT that the Invoices balance is correct and due.

43. Nutrien's failure to object to the Invoices evinces an implicit promise to pay the entire amount owed to VFT.

44. Nutrien owes $715,934.60 as of November 2021, plus interest, attorneys' fees, and other costs incurred related to the collection of this debt.

45. Pursuant to Georgia Code § 13-6-11, VFT seeks to recover all reasonable and necessary expenses of litigation incurred in bringing this claim due to Nutrien's bad faith.

WHEREFORE, VFT respectfully requests that this Court enter a judgment in its favor against Nutrien for approximately $715,934.60, plus interest, costs, attorneys' fees, and such other relief as this Court deems just equitable, and proper.

## COUNT IV
## UNJUST ENRICHMENT (IN THE ALTERNATIVE)

46. VFT incorporates and re-alleges paragraphs 1-11 and 14-19 as if fully set forth herein.

47. Nutrien encouraged VFT to provide aerial application services for Nutrien's clients.

48. VFT conferred a benefit upon Nutrien by performing aerial application services for Nutrien's clients.

49. VFT provided this benefit to Nutrien with the expectation that Nutrien would be responsible for the costs of VFT's services.

50. Nutrien knew of the benefit being bestowed upon it and retained the benefit of VFT's services when it accepted payment from its clients for VFT's services.

51. Nutrien was unjustly enriched to VFT's detriment when Nutrien never paid for VFT's services.

52. It would be unjust to allow Nutrien to retain payments from its clients because it never paid VFT for the services that Nutrien's clients paid for.

53. Pursuant to Georgia Code § 13-6-11, VFT seeks to recover all reasonable and necessary expenses of litigation incurred in bringing this claim due to Nutrien's bad faith.

WHEREFORE, VFT respectfully requests that this Court enter a judgment in its favor against Nutrien for an amount to be determined at trial but no less than the amount of the Invoices, plus interest, costs, attorneys' fees, and such other relief as this Court deems just equitable, and proper.

## COUNT V
## QUANTUM MERUIT (IN THE ALTERNATIVE)

54. VFT incorporates and re-alleges paragraphs 1-11 and 14-19 as if fully set forth herein.

55. Nutrien requested that VFT provide aerial application services for Nutrien's clients.

56. At Nutrien's request, VFT provided aerial application services for Nutrien's clients.

57. VFT provided these valuable services to Nutrien's clients with the expectation to be compensated by Nutrien at the time it performed its services.

58. Nutrien knew of the benefit being bestowed upon it and retained the benefit of VFT's services when it accepted payment from its clients for VFT's services.

59. It would be unjust for Nutrien to retain this benefit when Nutrien has never paid VFT for its aerial application services.

60. Pursuant to Georgia Code § 13-6-11, VFT seeks to recover all reasonable and necessary expenses of litigation incurred in bringing this claim due to Nutrien's bad faith.

WHEREFORE, VFT respectfully requests that this Court enter a judgment in its favor against Nutrien for an amount to be determined at trial but no less than the amount of the Invoices, plus interest, costs, attorneys' fees, and such other relief as this Court deems just equitable, and proper.

Dated: February 23, 2022

Respectfully submitted,

George F. Barnhill
Local Counsel for
Goldstein & Company
Attorneys at Law
1805 Ponce de Leon Boulevard,
Suite 400,
Coral Gables, Florida 33134

Barnhill Law
1621 Reynolds Street, Suite A
Brunswick, GA 31520
(912) 307-2119

8